The judgment of the court was pronounced by
Preston, J.
This is a suit of old standing, commenced in 1840 by the plaintiff for the settlement of a verbal partnership between his mother and brother, commenced in 1829 and terminated in 1839, by the death of the mother. They agreed, as proved by a witness, each to put in all their property and funds, and that the son was to be the acting agent and controller of the whole concern, and that the profits of the partnership should be equally divided between them, share and share alike. They owned adjoining tracts of land and each had negroes; they joined their forces for the purpose of cultivating the whole, and were to divide the crops and profits. They worked together from 1829 to 1839, when both died, and this suit is between their heirs to settle the concern.
The partnership was contracted verbally, and, as was natural between a mother and her eldest son, was conducted loosely. We have no accounts between the parties ; nothing but yerbal testimony of the most indefinite character as to the profits and their appropriation.
In this state of the case, the district judge, in 1844, investigated it with very great care, and liquidated the claim of the plaintiff at $1942 95. His calculations, reasoning and conclusions, appear to us reasonable, and to have approached the truth as nearly ns possible. Nevertheless the plaintiff appealed, and the result at which the judge arrived was so different from the extravagant claim of the plaintiff, that this court thought it best to remand the cause, and recommended its trial by a jury. They found a.-verdict for seventeen hundred and twenty-six dollars and fifty-seven cents, with which the district judge was satisfied, and rendered judgment accordingly in favor of the plaintiff. He has again appealed.
There is no definite -evidence which enables us to say that the judgment should be increased. The evidence given on the last trial is not materially different from that offered on the first trial, and the careful investigations of the judge on the first trial, based upon the evidence, satisfies us that the present judgment is about correct.
The plaintiff complains that it was the duty of the defendants’ ancestor to have kept l’egular accounts, and of the defendants to produce them. It is very probable that the mother and son kept no regular accounts. They lived together; were in daily intercourse, and were possibly satisfied with verbal statements as to their profits, and mutually agreed as to the constant appropriation and use of them. Pecuniary demands daily occur to the mother of a family as well as to a son, and these are the principal objects of our revenue; they greatly diminish the profits of our property and labor. The partners died within a short time of each other. The plaintiff was the representative of the mother; her son was represented by the tutor of his minor child, when this suit was instituted, within a year after their death. It is not probable that important papers were withheld that came to the parties in their fiduciary capacity.
The equality of the partners’ property at the commencement, and great disparity at its termination, certainly gives some countenance to the large claim of the plaintiff. But then it is proved that the son was, at his death, largely in debt. He may have made profitable speculations. He may have received means from other sources than the partnership.
Any property owned by the widow Hannah H. Theall individually, and remaining in kind, belongs to the parties, and its partition is not barred by the judgment in this case. The suit has not been conducted as one for the partition of property admitted to be common.
*550 Interest might properly be refused, as the claim of the plaintiff was not liquidated. The application for a new trial was, therefore, properly overruled.
It is decreed, that the judgment of the district court be affirmed; and that the appellant pay the costs of this appeal.